AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

FILED

# UNITED STATES DISTRICT COURT
### for the

*2023 MAY 30  AM 10: 43*
*CLERK, U.S. DISTRICT COURT*
*MIDDLE DISTRICT OF FL*
*OCALA, FLORIDA*

Karon Dominique Bowser
*Petitioner*

v.

Warden Gunther
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)

Case No.  5:23 CV 335-TPB-PRL
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name:  Karon Dominique Bowser
    (b) Other names you have used:
2.  Place of confinement:
    (a) Name of institution:  Coleman low
    (b) Address: FCC Coleman low  846 N.W. 54th Terrace Coleman, Florida 33521 (Physical)
        FCC Coleman low  P.O. Box 1031 Coleman, Florida 33521 (mailing)
    (c) Your identification number: 487 78 112
3.  Are you currently being held on orders by:
    ☒ Federal authorities        ☐ State authorities        ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you:
            Ronald Reagan Federal Courthouse  Santa Ana  California
        (b) Docket number of criminal case: 8:10-cr-00145-DOC-1
        (c) Date of sentencing: 4-23-12
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
       revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☑ Disciplinary proceedings

☑ Other *(explain)*: Financial Responsibility Program

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:

BOP

(b) Docket number, case number, or opinion number: Incident Report - 3739826

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

1) I am appealing incident report above
2) I am challenging my FRP payments

(d) Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes          ❏ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

BOP

(2) Date of filing: 9-7-22

(3) Docket number, case number, or opinion number: 1136180-F1, ~~1155822A1~~ ~~3656A1~~

(4) Result: Rejected

(5) Date of result: ~~February 24 2023~~ October 5 2022

(6) Issues raised: That I, by policy, was not ~~earning~~ receiving enough money to justify my FRP payments

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes          ❏ No

BOWSER, KARON 48773112

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:
        BOP

    (2)  Date of filing:  10-7-22

    (3)  Docket number, case number, or opinion number:  1139582-R1

    (4)  Result:  rejected

    (5)  Date of result:  November 2 2022

    (6)  Issues raised:  same

(b)  If you answered "No," explain why you did not file a second appeal:

9.  **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑ Yes        ☐ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:
        BOP

    (2)  Date of filing:  11-26-22

    (3)  Docket number, case number, or opinion number:  1136180-A1

    (4)  Result:  Rejected

    (5)  Date of result:  January 5th 2023

    (6)  Issues raised:  some

(b)  If you answered "No," explain why you did not file a third appeal:

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes        ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes        ☐ No

BOWSER, KARON 48778112

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

       If "Yes," provide:

       (1)  Name of court:

       (2)  Case number:

       (3)  Date of filing:

       (4)  Result:

       (5)  Date of result:

       (6)  Issues raised:

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

       ❏ Yes          ❏ No

       If "Yes," provide:

       (1)  Name of court:

       (2)  Case number:

       (3)  Date of filing:

       (4)  Result:

       (5)  Date of result:

       (6)  Issues raised:

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes          ☑ No

       If "Yes," provide:

(a)    Date you were taken into immigration custody:

(b)    Date of the removal or reinstatement order:

(c)    Did you file an appeal with the Board of Immigration Appeals?

       ❏ Yes          ❏ No

BOWSER, KARON 48778112

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1)  Date of filing:

(2)  Case number:

(3)  Result:

(4)  Date of result:

(5)  Issues raised:

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court:

(2)  Date of filing:

(3)  Case number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                    ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application:

(b)  Name of the authority, agency, or court:

(c)  Date of filing:

(d)  Docket number, case number, or opinion number:

(e)  Result:

(f)  Date of result:

(g)  Issues raised:

BOWSER:KARON 48778112

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** I was not in an unauthorized area, I was in my assigned cube.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

At the most, this should have been a "Disobeying an order" not an unauthorized area (316) but I was never specifically told to leave the unit, I was outside on the yard from 6:30-7:30 am, the announcement by Natel was claimed to have been made during this time, I asked the UDC (ebey) to verify this on the camera but he refused, against Bop Policy

(b)  Did you present Ground One in all appeals that were available to you?
☒ Yes            ☐ No

**GROUND TWO:** The BOP is abusing their authority and policy by charging me more FRP than I should be paying according to their policy.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

The policy says only funds remaining after deducting $450 (over a 6 month period) can be considered for FRP, I only had $300 in the 6 month period I am contesting yet I was being charged more than whites that had more than I did

(b)  Did you present Ground Two in all appeals that were available to you?
☒ Yes            ☐ No

**GROUND THREE:**

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes            ☐ No

BOWSER, KARON 48778112

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?
☐ Yes                    ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15.  State exactly what you want the court to do:

1) I want the 316 disciplinary expunged from my record

2) I want to be taken off the Financial Responsibility Program

BOWSER, KARON 48776112

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 5/25/23

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

BOWSER, KARON 43778112

MEMORANDUM IN SUPPORT OF 2241

### CLAIM 1

My first claim in this 2241 motion is the incident report I received on 3-1-2023, #3739826, [Ex-1] for being in an unauthorized area. First, this disciplinary is overreaching. I was in my assigned cube when I was called to the front of the unit by counselor Natal. I cannot be in an unauthorized area in my assigned cube.

At most, this should have been a disobeying an order which would also be faulty because the incident report states that Natal "made an announcement reminding inmates to leave the unit during the 7:30, five -minute move " and I was on the recreation yard at 7:20 a.m., the time Natal claims he made the announcement, so I was unaware of this. The report says inmates are required to leave the unit "if they are not an orderly, 65 years old or order [sic] or have a medical pass. Yet the bulletin posted actually states to "limit inmate traffic" for sanitation. Orderlies clean the restrooms, not individual cubes.

As a worker in commissary [Ex -1], I collect and process the commissary sheets in the unit. It has been done this way since I arrived at Coleman low in March of 2020, 3 years. I am in unit C-3, it was our commissary day [Ex-2](March 1st was a Wednesday, the day I received the disciplinary), and I was doing my job as usual and as has been done since I arrived at Coleman low. Nowhere in the policy or on the bullitin does it say I have to leave the unit as the incident report spuriously states, it only says "limin inmate traffic" which can be done by staying in my cube among other things. There were other workers present besides unit orderlies in the unit that day (i.e. facilities workers and kitchen workers), some doing their jobs per their supervisors as was I per my supervisor - Farfaglia. They were not issued incident reports.

At my meeting for this incident, case manager Ebey, against policy, refused to check the cameras to see if I was indeed absent from the unit when this announcement was made, denying me of my right to contest this false report -

-  Inmate Discipline Program
   541.5 Discipline process
   if practicable, the inmate's statements offering a rationale for his/her conduct or for the charges against him/her should be investigated If the inmates requests exculpatory evidence, such as video or audio surveillance, the investigator must make every effort to review and preserve the evidence.

Finally, this process was new. Because of Covid-19, the prison was on lockdown my entire time here, which is why Natal had to make an announcement. It was hardly open one month before it was locked down again. We are currently locked down due to repairs of the prison being done by outside contractors, an estimated eight week process.

### CLAIM 2

My second claim is my Financial Responsibility Program (FRP) payments. I simply don't receive enough money to justify my payments. Natal has repeatedly derailed my attempts to resolve the issue through administrative remedies. Ultimately, policy states that anything received in a six month period minus $450, is to be considered in determining payments for FRP [Ex-3]. I had received about $300 in that time frame I filed the administrative remedy, well short of the $450 threshold, yet I was being charged more than white sex offenders who received more on

their accounts and payed half of what I pay. Unit manager O'Brien stated that "if someone hasn't received deposits in a while but had one million dollars on their account, shouldn't they pay more than $25 a quarter?" I agreed that she might have a point but that I was far from that amount, at the time .

CONCLUSION

This mandate in claim 1 has not been practiced at all during my time here and I've seen nothing with the wardens signature verifying that it is a mandate. I am being targeted by my unit team. I never received a response from any of my appeals [Ex-4]. This disciplinary can hurt my release process, I want my disciplinary expunged and my FRP suspended until my release. I would also like punitive damages of $21,000. This is for the difficulty the BOP has encumbered upon me with the administrative remedy process, the materials I have used to file all of these petitions/remedies, my time, and an impetus to encourage them to make the correct decisions accordingly and punctually in the future. Ex - 5 is an example of the adminstrative process here. I appealed FRP payments, the response is dated Oct 21st 2022 but I received the response May 18th 2023, signed by counselor Natal, a 7 month delay. That is just one of the many issues I've had with the process. I have attempted remedies for this problem (adminstrative remedy case no: 1159890-F1) This is a denial of the administrative remedy, a problem that cannot be resolved by the BOP, or my duplicitous unit team.

Karon Bowser





BP-A0288       **INCIDENT REPORT**
Dept. of Justice / Federal Bureau of Prisons

| Part I - Incident Report | | |
|---|---|---|

| 1. Institution: **COLEMAN LOW FCI** | | Incident Report Number: **3739826** | |
|---|---|---|---|
| 2. Inmate's Name<br>**BOWSER, KARON** | 3. Register Number<br>**48778-112** | 4. Date of Incident<br>**03-01-2023** | 5. Time<br>**0830 hrs** |
| 6. Place of Incident<br>**C-3 Unit** | 7. Assignment<br>**COMMISSARY** | 8. Unit<br>**3 GP** | |
| 9. Incident<br>**316 -- BEING IN UNAUTHORIZED AREA.** | | 10. Prohibited Act Code(s)<br>**316** | |

11. Description Of Incident
   (Date: **03-01-2023**    Time:   **0830 hrs**    staff became aware of incident)

**On March 1, 2023, at approximately 8:30 A.M., inmate BOWSER, KARON, REG #48778-112, was found inside the C-3 Housing Unit. At approximately 7:20 A. M, I made an announcement reminding inmates to leave the unit during the 7:30 five-minute move if they are not an orderly, 65 years old or order or have a medical pass. Also, written rules are in the unit, on the bulletin board informing inmates that they have to be out of the unit from 8:00 A.M. until 10:00 A.M. for unit sanitation purposes.**

| 12. Typed Name/Signature of Reporting Employee<br>**A. Natal** | | 13. Date And Time<br>**03-01-2023 0850 hrs** | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature)<br>**M.Reynolds** | | 15. Date Report<br>Delivered<br>**03-01-2023** | 16. Time Report<br>Delivered<br>**1249 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                    Replaces BP-S288.052



Ex-2

# LOW

Commissary Shopping Schedule

Feb. 27 – Mar. 3

Mon. (A4, A2, A1)

Tues. (C1, C4, C2)

Wed. (B3, B4, C3)

Thur. (A3, B2, B1)

Fri. (ADMIN DAY)

Name, Register Number, Unit, and Cell Number must be on your list. If it is missing you will forfeit your commissary until the next week. Commissary list must be ready by 10:30 am the day your unit shops.

The schedule is subject to change for any circumstances beyond our control. Any delayed or unfinished units will roll-over to the next day.

New Limit

$90 Spending Limit



[b.    __Payment.__    The inmate is responsible for making

satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to unit staff.    Payments may be made from institution resources or

non-institution (community) resources.        In developing an inmate's financial plan, the Unit Team shall first subtract from the trust fund account the inmate's minimum payment schedule for UNICOR or non-UNICOR work assignments, set forth below in paragraphs (b)(1) and (b)(2) of this section.    The Unit Team shall then exclude

from its assessment $75.00 a month deposited into the inmate's trust fund account.    This $75.00 is excluded to allow the inmate the opportunity to better maintain telephone communication under the Inmate Telephone System (ITS).]

At each program review, when reviewing the inmate's financial plan, the Unit Team must:

• determine the total funds deposited into the inmate's trust fund account for the previous six months;

• subtract the IFRP payments made by the inmate during the previous six months; and

• subtract $__450__ (i.e., $75 x 6 months, ITS exclusion).

Any money remaining after the above computation may be considered for IFRP payments, regardless of whether the money is in the inmate's trust fund or phone credit account.    The Unit Team has the discretion to consider all monies above that computation to adjust the inmate's IFRP payment plan.

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



Ex-4

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. Department of Justice**

Federal Bureau of Prisons

### Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bowser, Karon     D          48778 112          C-3          Coleman-low
     LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**  This appeal stems from incident report # 3739826
I would also like to use my commissary supervisor Farfuglia as a witness to my job duties.

On Wednesday, March 1st 2023, I was in my assigned cubicle, cube # 1 in unit C-3 when counselor Natal called everyone to the front of the unit. He then asked me why I was there. I told him it was our units commissary shopping day [see attached "Low commissary shopping schedule"] and as usual on our shopping day I was collecting and processing the commissary sheets. I separate spo orders, tablet/mp3 purchases, and worker [3 o'clock shoppers] number them ect. as requested [see-witness Farfuglia ] I essentially received an incident report for doing my job. This has been the practice my entire 3 years in Coleman and also while working commissary. ~~Generally~~ There were facility workers whom were in the unit and not cited for being out of bounds.

The housing unit rules were referenced at my UDC which restrict "inmate traffic"
                                     [continued]

3-7-23
DATE

                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

<br><br><br><br><br><br>

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

[continued]

they do not state however, that I must leave the unit and also imply that staying in my cube is a way to comply. The incident report also states that an announcement was made at 7:20 a.m. The cameras will show I was on the recreation yard from 6:30 to 7:30 am, so I did not hear the announcement, regardless, I am a commissary orderly, it was Wednesday my units shopping day and I was doing my job in my cube, not contributing to "inmate traffic". I would like this incident report expunged from my record and the sanctions imposed upon me to be lifted.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Bowser, Karon D        48770-112        C-3        Coleman-Low
　　　LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

I am appealing at this level because I did not recieve a response to my BP-10 which was sent on 3-7-23 regarding incident report # 3739826. ~~Enclosed~~

I was cited for a 316 (being in an unauthorized area) while being in my assigned cube because I was processing the commissary sheets for my job. There were other workers in the unit besides unit orderlies, such as facilities workers for example.

I would like to use my commissary supervisor, officer Farfaglia, as a witness to my job duties which have been done in the same manner my entire 3 years in Coleman.

Ebey did my UDC and refused to check the cameras (against policy) to see if I was indeed at recreation when he claims Natal made an announcement to the unit.

4-13-23
DATE                                                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**




DATE                                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                                        CASE NUMBER: _____

**Part C—RECEIPT**

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                        _____
　　　DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                        BP-231(13)
                                                                APRIL 1982



REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 2, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : KARON DOMINIQU BOWSER, 48778-112
      COLEMAN LOW FCI    UNT: 2 GP    QTR: B01-001L
      P.O. BOX 1021
      COLEMAN, FL 33521

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1139532-R1    REGIONAL APPEAL
DATE RECEIVED  : OCTOBER 21, 2022
SUBJECT 1      : OTHER CLASSIFICATION MATTERS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,   REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR  A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 3: SEE REMARKS.

REMARKS        : PROVIDE BP-9 ADMIN REMEDY NUMBER.

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: ___Bowser, Kharon, D___   ___487 78 112___   ___C-3___   ___Coleman___
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

I submitted my BP-9 to counselor natal on september 12th or so and as of October 7th I have not recieved a response to my request for an adjusted FRP payment. I also had a difficult time procuring a BP-10 from the unit team, namely unit manager O'Brien. It took me over 20 minutes for her to finally capitulate and give me a BP-10 form. The unit team is extremely agressive in discouraging adminstrative remedies and following DOP policy simply doesn't happen.

I have been under the $450 threshold for around a year now. My payments should be lowered, should have been long ago. I want my payments lowered, my overpaying to stop, and the unit team to issue adminstrative remedy forms No Questions Asked.

___10-7-22___
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Received

OCT 21 2022

REGIONAL COUNSEL'S OFFICE - SERO
BUREAU OF PRISONS

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: ___1139532-R1___

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN    PRINTED ON RECYCLED PAPER    BP-230(13)
JUNE 2002